UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| AZAD KABIR,<br><br>               Plaintiff,<br><br>v.<br><br>WEBMD LLC,<br><br>               Defendant. | Case No.: 4:25-cv-00130-CDL |

**WEBMD LLC'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR ENTRY OF PRESERVATION ORDER**

Plaintiff Azad Kabir's ("Plaintiff") Motion for Entry of Preservation Order ("Plaintiff's Motion") (Dkt. 12.) should be denied because Plaintiff offers only speculation and conjecture to support his fear that evidence may be destroyed without intervention by this Court. But Plaintiff's Motion should also be denied because it is unnecessary given the general duty that parties to litigation, and their counsel, have to preserve information that may be relevant to the matter.

**A.     ARGUMENT**

Courts in this circuit have identified different tests for determining whether a preservation order is appropriate. *See, e.g., Robinson v. Gielow*, No. 3:14-cv-223, 2015 U.S. Dist. LEXIS 94689, *6-7 (N.D. Fla. June 16, 2015) (discussing two different tests); *Eox Tech. Sols. v. Galasso*, No. 23-cv-60448, 2023 U.S. Dist. LEXIS 85619, *2-3 (S.D. Fla. May 16, 2023) (same). Under either test, however, courts consistently require a movant to "show a likelihood that the evidence at issue will be altered or destroyed if the requested preservation order is not entered." *Burgess v. Religious Tech. Ctr., Inc.*, No. 1:13-cv-02217, 2013 U.S. Dist. LEXIS 202025 *5 (N.D. Ga. Sept. 25, 2013); *see also Bowers v. Coleman*, No. 5:20-CV-00023, 2020 U.S. Dist.

LEXIS 150930, *11 (M.D. Ga. July 28, 2020) (declining preservation order where "Plaintiff does not provide any specific facts showing that any relevant evidence in this case is in danger of being destroyed"), *adopted by* 2020 U.S. Dist. LEXIS 150495 (M.D. Ga. Aug. 20, 2020); *Jones v. VA*, No. 1:25-cv-0135, 2025 U.S. Dist. LEXIS 122748, *2-3 (S.D. Ga. June 27, 2025) (declining preservation order where plaintiff provided "no specific information demonstrating the alleged description is imminent").

Here, Plaintiff's motion is devoid of any facts supporting his contention that "there is a genuine risk of spoliation of critical evidence." Plaintiff's Motion, p. 3. Plaintiff appears to rely solely on "Defendant's ongoing failure to confirm compliance with preservation obligations following direct notice" as the basis for seeking an order from the Court at this time. *See* Plaintiff's Motion, p. 1. Plaintiff, however, cites no authority for the proposition that the failure of a party to provide written assurances of evidence preservation – especially prior to any discovery occurring – is a basis for receiving a preservation order from the court. To be sure, no such duty exists.

A preservation order from this Court is "unnecessary because parties to civil litigation [already] have 'a duty to preserve relevant information.'" *Heid v. Mohr*, No. 2:18-cv-00311, 2020 U.S. Dist. LEXIS 93111, at *8 (S.D. Ohio May 28, 2020) (*quoting John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008)). "Whenever a lawsuit is filed, the defendant is automatically required to take all appropriate steps to preserve any and all information which might be relevant to that litigation." *Burgess*, 2013 U.S. Dist. LEXIS 202025 *6-7 (quoting *Hester v. Bayer Corp.*, 206 F.R.D. 683, 685 (M.D. Ala. 2001)). Additionally, "attorneys have an affirmative duty to advise their clients of pending litigation and of the requirement that they preserve potentially relevant evidence." *Id.* (*quoting Hunter v. Sterling*, No. 08-CV-0835, 2009 U.S. Dist. LEXIS

109653, *2 (M.D. La. Nov. 24, 2009)). This "Court's ability to impose sanctions for the destruction of evidence is sufficient to protect Plaintiff's interests in ensuring the preservation of any evidence necessary to his case." *Bowers*, 2020 U.S. Dist. LEXIS 150930, *11. *See also Robinson*, 2015 U.S. Dist. LEXIS 94689, *8-9 ("The duty to preserve evidence, backed by the court's inherent power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence."); *Doe v. Dominique*, No. 1:13-cv-04270, 2014 U.S. Dist. LEXIS189153, *13 (N.D. Ga. Jan. 3, 2014) (denying a request for preservation order as moot, stating "the Court declines to enter an Order repeating the requirements already incumbent upon all Parties to a lawsuit in federal court.").

Plaintiff has further failed to provide any support for the Scope of Preservation, attached as Exhibit A to Plaintiff's Motion. On its face, the proposal includes topics that go well beyond anything that could be considered "relevant to any party's claim or defense," and specifically seeks the preservation of privileged communications. Fed. R. Civ. Pro. 26(b)(1). For example, topic 6 includes communications with "major technology companies," without any reference to or involving Plaintiff's patents, copyrights or alleged trade secrets. Additionally, topic 7 specifically includes "legal evaluations" and "legal correspondence." Since the cited information would not be discoverable, it would be inappropriate to include it in a preservation order.

## B.  CONCLUSION

Plaintiff has failed to present any evidence that there is *any* risk that documents or other information will be destroyed, let alone an *imminent risk* of such spoliation. Accordingly, a preservation order that would merely reiterate the obligations that Defendant WebMD LLC and its counsel already have to preserve relevant information is unnecessary. Plaintiff's Motion should thus be denied.

Dated: August 18, 2025                                       Respectfully submitted,

    /s/ *Steven McMahon Zeller*
Jefferson M. Starr
Georgia Bar No.: 992352
Coleman Talley LLP
3344 Peachtree Road, NE,
Suite 1950,
Atlanta, GA 30326
(770) 698-9556

Michael P. Adams (*pro hac vice*)
DYKEMA GOSSETT PLLC
111 Congress Avenue, Suite 1800
Austin, Texas 78701
Telephone: (512) 703-6315
madams@dykema.com

Steven McMahon Zeller (*pro hac vice*)
DYKEMA GOSSETT PLLC
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700

*Attorneys for Defendant WebMD LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of August, 2025, I electronically filed the foregoing **WEBMD LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF PRESERVATION ORDER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record and other registered participants.

/s/ *Steven McMahon Zeller /*
Steven McMahon Zeller

4917-2066-2111.2